# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**UNITED STATES OF AMERICA,**

Plaintiff,

v.

**JERMAINE TYRELL PATTON,**

Defendant.

Case No. 16-40113-DDC

## MEMORANDUM AND ORDER

Defendant Jermaine Tyrell Patton has moved to dismiss Counts Two and Four of the Indictment (Doc. 18). Mr. Patton argues that these two charges fail to state an offense and the court thus must dismiss them. *Id.* at 1. He explains that Counts Two and Four, which charge him with brandishing a firearm during and in relation to a crime of violence under 18 U.S.C. § 924(c), rely on the Hobbs Act robbery charged in Counts One and Three of the Indictment. Mr. Patton theorizes that the Hobbs Act charges categorically fail to qualify as a crime of violence as § 924(c)(3) defines that term and they thus cannot provide the predicate explicitly required by § 924(c).

The problem with Mr. Patton's argument is that the Circuit has rejected it squarely. *United States v. Moreno*, 665 F. App'x 678 (10th Cir. 2016) (unpublished). In *Moreno*, the court of appeals held, "[t]he district court correctly held that robbery, as defined in [18 U.S.C.] § 1951, qualifies as a 'crime of violence' under § 924(c)(3)(A) because it 'has as an element the use, attempted use, or threatened use of physical force against the person or property of another." *Id.* at 681. *Moreno* emphasized, "[t]he elements of [a Hobbs Act robbery charge under § 1951(a)]—particularly the definition of robbery, which requires use of actual or threatened force or violence—parallel the requirements for finding a 'crime of violence' under § 924(c)(3)(A)." *Id.*

*Moreno*'s holding applied to the charges here is almost perfectly symmetrical. Here, as in *Moreno*, the § 924(c)(1)(A) crimes charged by Counts Two and Four explicitly rely on the § 1951(a) crimes charged by Counts One and Three. *See* Doc. 1 at 1-4. To his credit, Mr. Patton's motion concedes as much. He also concedes that *Moreno* imposes an obstacle for his motion here. He responds to *Moreno* in two ways.

First, Mr. Patton argues that *Moreno*, as an unpublished opinion from the Circuit, is not binding precedent and deserves little persuasive value for a variety of reasons. *See* Doc. 20 at 7–8. The court agrees with part of Mr. Patton's premise. *See United States v. Austin*, 426 F.3d 1266, 1274 (10th Cir. 2005) ("[U]npublished orders are not binding precedent . . . and we have generally determined that citation to unpublished opinions is not favored.") (citing *In re Citation of Unpublished Opinions/Orders and Judgments*, 151 F.R.D. 470 (10th Cir. 1993)). But courts still may consider unpublished decisions for their intrinsic persuasive value. *Anderson v. Spirit Aerosystems Holdings, Inc.*, 827 F.3d 1229, 1240 n.7 (10th Cir. 2016). This brings the analysis to the second premise of Mr. Patton's argument about *Moreno*—that it deserves little persuasive value. The court disagrees. *Moreno*'s analysis is highly persuasive and it fully aligns with holdings by eight other Circuits, including seven published decisions.[1] *See also United States v.*

---

[1] *See United States v. Gooch,* 850 F.3d 285, 292 (6th Cir. 2017) (Hobbs Act robbery constitutes a crime of violence under 18 U.S.C. § 924(c)(3)(A)); *United States v. Anglin*, 846 F.3d 954, 965 (7th Cir. 2017) (Hobbs Act robbery is a crime of violence within the meaning of § 924(c)(3)(A)); *United States v. Rivera*, 847 F.3d 847, 849 (7th Cir. 2017) ("Because one cannot commit Hobbs Act robbery without using or threatening physical force, we [again hold] that Hobbs Act robbery qualifies as a predicate for a crime-of-violence conviction."); *United States v. Buck*, 847 F.3d 267, 274 (5th Cir. 2017) (affirming district court's classification of Hobbs Act robbery as a crime of violence); *United States v. Hill*, 832 F.3d 135, 140–44 (2d Cir. 2016) (holding that "Hobbs Act robbery 'has as an element the use, attempted use, or threatened use of physical force against the person or property of another'" under § 924(c)(3)(A)); *United States v. Robinson*, 844 F.3d 137, 141–144 (3d Cir. 2016) (concluding that Hobbs Act robbery committed while brandishing a firearm qualifies as a "crime of violence" under 18 U.S.C. § 924(c)(3)(A)); *United States v. House*, 825 F.3d 381, 387 (8th Cir. 2016) (concluding that Hobbs Act robbery "has 'as an element the use, attempted use, or threatened use of physical force against the person of another,'" and thus qualifies as a "crime of violence" under § 924(c)); *United States v. Howard*, 650 F. App'x 466, 468 (9th Cir. 2016) (unpublished) (concluding that commission of Hobbs Act robbery by placing another in "fear of injury" qualifies as a "crime of violence" under § 924(c)(3)); *In re Saint Fleur*, 824 F.3d 1337, 1340–41 (11th Cir. 2016) (finding that defendant's

*Breshers*, No. 10-40107-SAC, 2017 WL 2378349 at *3 (D. Kan. June 1, 2017) ("The holding in *Moreno* . . . is not an aberration . . . Instead, the growing consensus of published decisions holds the same as *Moreno*.").

Second, Mr. Patton argues that the court shouldn't let *Moreno* carry the day here because his motion makes arguments that *Moreno* does not address. Doc. 20 at 7. Even if true, this "distinction" does not counterbalance the weight of a highly persuasive decision from our Circuit that tracks the outcome in every single Circuit to decide the issue. In sum, the court commends counsel's resilience but disagrees with his reasoning.

While *Moreno* provides all the reason needed to deny the current motion, the court adds one more. Mr. Patton's motion rests on the foundation that the court must apply the categorical approach to decide if a Hobbs Act robbery can constitute a crime of violence. Under this approach, the defense argues, the court "looks only to 'the statutory definitions—i.e., the elements—of a defendant's [offense] and not to the particular facts underlying [the offense]' in determining whether the offense qualifies as a 'crime of violence.'" Doc. 18 at 5 (quoting *Descamps v. United States*, 133 S. Ct. 2276, 2283 (2013)). The government adds the modified categorical approach to the mix, arguing that the court may apply it instead of the categorical approach when the underlying criminal statute permits a conviction under alternative elements. Doc. 19 at 4–5 (citing *United States v. Titties*, 852 F.3d 1257, 1265–68 (10th Cir. 2017)). But the court is not persuaded that either approach necessarily applies to a case like this one.

In *United States v. Robinson*, the Third Circuit decided a direct appeal taken by a defendant convicted of the same crimes Mr. Patton is charged with committing here—one brandishing a firearm charge under § 924(c) and two Hobbs Act robberies under § 1951(a). 844

---

plea to Hobbs Act robbery under § 1951(b)(1), where defendant admitted that he committed that crime "by means of actual and threatened force, violence, and fear of injury" constitutes a "crime of violence" under § 924(c)(3)(A)).

F.3d 137, 140, 147 (3d Cir. 2016), *petition for cert. docketed*, No. 17-5139, (July 11, 2017). On appeal, the defendant sought to overturn the § 924(c) conviction because, he argued, a Hobbs Act robbery isn't a crime of violence and so, his robbery convictions couldn't support the § 924(c) conviction. The Third Circuit disagreed, affirming all three convictions. *Robinson*'s majority also rejected the idea that the analysis—in that setting—was controlled by the categorical approach. It explained why:

> When the predicate offense, Hobbs Act robbery, and the § 924(c) offense are contemporaneous and tried to the same jury, the record of all necessary facts are before the district court. The jury's determination of the facts of the charged offenses unmistakably shed light on whether the predicate offense was committed with "the use, attempted use, or threatened use of physical force against the person or property of another."
>
> . . .
>
> We conclude that analyzing a § 924(c) predicate offense in a vacuum is unwarranted when the convictions of contemporaneous offenses, read together, necessarily support the determination that the predicate offense was committed with the "use, attempted use, or threatened use of physical force against the person or property of another." In so doing, we do not direct courts to speculate as to facts. The only facts that may support the conclusion that a particular crime is a "crime of violence" are those that have either been found by the jury or admitted by the defendant in a plea.

844 F.3d 141, 143; *but see id.* at 147–51 (Fuentes, J., dissenting). The court understands *Robinson*'s warning that courts may not speculate about the facts to imply that district courts using this approach for contemporaneous charges must tailor the instructions appropriately. For example, the court would need to narrow the charging instruction about the predicate offense to permit conviction only on elements that amount to a crime of violence. Or, in other cases, the verdict form might have to require the jury to make special findings disclosing whether it found that the defendant engaged in conduct satisfying the elements of a crime of violence. At this

4

juncture, the court need not decide whether to follow *Robinson* or how it might affect submission of the charges against Mr. Patton.  Instead, it notes merely that *Robinson* may supply yet another reason it cannot conclude, at least not now, that Counts Two and Four fail to state a crime.

**IT IS THEREFORE ORDERED BY THE COURT THAT** the court denies defendant Jermaine Tyrell Patton's Motion to Dismiss Counts Two and Four (Doc. 18).

**IT IS SO ORDERED.**

**Dated this 25th day of August, 2017, at Topeka, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**