IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>JERMAINE TYRELL PATTON (01),<br><br>    Defendant. | Case No. 16-40113-01-DDC |

**MEMORANDUM AND ORDER**

  Defendant Jermaine Tyrell Patton has filed a motion under 28 U.S.C. § 2255 (Doc. 68) launching a two-front collateral attack on his sentence. In sum, this motion offers two reasons for vacating his sentence. Doc. 68 at 4–6. *First*, he asserts that the court wrongly treated Hobbs Act robbery as a "crime of violence" under 18 U.S.C. § 924(c)(3). *Id.* at 4; *see also* Doc. 77 (Mem. in Supp.). And *second*, he asserts that he suffered ineffective assistance of appellate counsel in several ways. *Id.* at 5–6; Doc. 80. The government filed a Response (Doc. 78) discussing both of Mr. Patton's bases for collateral relief.

  For reasons explained below, the court concludes that Mr. Patton's arguments do not merit granting his § 2255 motion. The court begins by recalling the background of Mr. Patton's case and then reciting the legal standard governing motions under § 2255.

**I.  Background and Procedural History**

  The Tenth Circuit is acquainted with the events leading to Mr. Patton's conviction and sentencing. *See United States v. Patton*, 927 F.3d 1087, 1090–91 (10th Cir. 2019). Our Circuit has recalled that:

> In 2016, Mr. Patton and Christopher Harris robbed the Oakmart gas station and convenience store in Topeka, Kansas, their third convenience store robbery in a week. Mr. Harris entered the store with a firearm and demanded money while Mr. Patton remained in the getaway car.
>
> A police officer spotted the pair soon after they fled in the car. Mr. Patton stopped the car, and the two men fled on foot into a wooded area. Police officers apprehended Mr. Patton "almost immediately," but Mr. Harris remained at large for just over an hour. Police officers "set up a perimeter in the area trying to contain" Mr. Harris.
>
> At the end of the hour, Detective Brian Hill, who was investigating the robbery, encountered Mr. Harris walking two or three miles from where Mr. Patton had been arrested. Mr. Harris shot Detective Hill, and Detective Hill returned fire. The exchange of fire wounded both men badly and forced the detective's retirement from the Topeka Police Department.

*Id.* (citations omitted).

Mr. Patton pleaded guilty to aiding and abetting (1) the interference with commerce by means of robbery (Hobbs Act robbery), and (2) the use and carry of a firearm during and in relation to a crime of violence. Doc. 28 at 1–2. The court sentenced Mr. Patton to 168 months' imprisonment and three years of supervised release. Doc. 55 at 2–3. Mr. Patton appealed, but the Tenth Circuit affirmed the district court's Judgment. *Patton*, 927 F.3d at 1103. Mr. Patton then filed a motion under § 2255 to challenge the legality of that sentence. *See* Doc. 68. He asserts two theories for relief: One based on *United States v. Davis*, 588 U.S. ___, 139 S. Ct. 2319 (2019), and another based upon alleged Sixth Amendment violations. Consistent with the court's Standing Order No. 15-3 ("Re: Motions for Post-Conviction Relief Pursuant to *Johnson v. United States*"), the court appointed CJA Counsel to represent Mr. Patton "for the limited purposes of a *Johnson/Davis* post-conviction action[.]" Doc. 72 at 1. But the court left Mr. Patton to pursue his Sixth Amendment claims pro se. *See* Doc. 79 at 2.

After the court appointed counsel in part, Mr. Patton asked the court to authorize his appointed counsel to represent him on his second ground for § 2255 relief, too. *See* Doc. 80 at 2.

2

For the reasons the court explained already in its earlier Order, the court denies this renewed request. *See* Doc. 79 at 1–2. Mr. Patton has no constitutional right to counsel to pursue his motion under § 2255 and, as the court explained, the law governing appointment of counsel does not favor his request. *See id.* at 2 (first citing 18 U.S.C. § 3006A(a)(2)(B); then citing *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991)).

This Memorandum and Order now considers both of Mr. Patton's general theories for relief under § 2255. The court begins by consulting that statute closely before applying it to Mr. Patton's sentence.

## II.   Legal Standard Governing Motions Under 28 U.S.C. § 2255

Federal law permits federal prisoners to attack collaterally the legality of their sentences. Title 28 U.S.C. § 2255(a) provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

Collateral "relief under § 2255 is generally confined to situations where (a) the convictions and sentences [were] entered by a court without jurisdiction, (b) the sentence imposed was outside of the statutory limits, (c) a constitutional error occurred, or (d) a non-constitutional error of law or an error of fact occurred that constituted a fundamental defect which inherently resulted in a complete miscarriage of justice, i.e., that rendered the entire proceeding irregular and invalid." *United States v. Fields*, 949 F.3d 1240, 1246 (10th Cir. 2019), *cert. denied*, 141 S. Ct. 449 (2020) (citation and internal quotation marks omitted).

Some § 2255 motions merit hearings.  "Section 2255(b) states, in pertinent part, that '[u]nless the [2255] motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the [district] court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.'" *Fields*, 949 F.3d at 1246 (quoting 28 U.S.C. § 2255(b)).  "The Supreme Court has interpreted this statutory language to mean that a hearing is unnecessary in those instances (a) where the issues raised by the motion were conclusively determined either by the motion itself or by the files and records in the trial court, or (b) where the motion alleges circumstances of a kind that the District Judge could completely resolve by drawing upon his own personal knowledge or recollection."  *Id.* (citation and internal quotation marks omitted).

The court now considers Mr. Patton's two arguments for collateral relief under § 2255 and whether a hearing is warranted here.

### III. Discussion

Mr. Patton submits two reasons for vacating his sentence under § 2255.  *First*, he asserts that the court should not have considered his Hobbs Act robbery as a "crime of violence" for purposes of § 924(c)(3).  And *second*, he asserts that his appeal was marred by his appellate counsel's various alleged omissions constituting ineffective assistance.  After reviewing the parties' briefs, the record, and governing law, the court concludes that it can conclusively determine the issues from the parties' papers.  The court thus deems unnecessary a hearing on Mr. Patton's motion.

The court now turns to consider each of Mr. Patton's arguments for relief under § 2255, beginning with the "crime of violence" issue arising from 18 U.S.C. § 924.

>  A.  **Whether the Court's Conclusion that Hobbs Act Robbery was a "Crime of Violence" Under § 924(c)(3) Merits Vacating, Setting Aside, or Correcting Mr. Patton's Sentence**

Mr. Patton's first challenge to the legality of his sentence involves 18 U.S.C. § 924. This federal law "provides penalties for crimes of violence involving firearms" and defines relevant "crimes of violence." *United States v. Webster*, No. 20-20040-JAR-1-2, 2021 WL 1566051, at *2 (D. Kan. Apr. 21, 2021). Section 924(c)(1)(A) provides that "any person who, during and in relation to any crime of violence or drug trafficking crime . . . uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall [be subject to an additional term of years]." 18 U.S.C. § 924(c)(1)(A). And § 924(c)(3) defines the phrase "crime of violence" as any offense that:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). "Courts call the first clause, § 924(c)(3)(A), the 'elements clause,' and the second clause, § 924(c)(3)(B), the 'residual clause.'" *Webster*, 2021 WL 1566051, at *2 (quoting *Davis*, 139 S. Ct. at 2325).

Mr. Patton asserts that the court should vacate his sentence because neither one of § 924(c)(3)'s clauses applies to his case. He argues that (1) his predicate offense "does not meet the definition of a crime of violence when applying the categorical approach as the elements of the offense are broader than the definition set forth in § 924(c)(3)(A)" and (2) the Supreme Court's *Davis* decision "renders the residual clause of § 924(c)(3)(B) inapplicable[.]" Doc. 77 at 3–4. The upshot of *Davis* is obvious enough. So, Mr. Patton focuses most of his argument on § 924(c)(3)(A). Specifically, he reasons that his conduct—aiding and abetting a Hobbs Act

robbery—"does not meet the definition of a crime of violence when applying the categorical approach" because "the elements of the offense are broader than the definition set forth in § 924(c)(3)(A)." *Id.* at 4.

This argument lacks novelty. Mr. Patton "acknowledges the Tenth Circuit has examined whether a Hobbs Act robbery is a crime of violence under the categorical approach and determined its elements do meet the definition set forth under § 924(c)(3)(A)." *Id.* at 4–5 (first citing *United States v. Melgar-Cabrera*, 892 F.3d 1053 (10th Cir. 2018); then citing *United States v. Dubarry*, 741 F. App'x 568 (10th Cir. 2018); then citing *United States v. Moreno*, 665 F. App'x 678 (10th Cir. 2016)). Even so, Mr. Patton maintains that our Circuit's caselaw does not foreclose his arguments. He "submits these prior decisions did not specifically consider his unique arguments regarding the offense and are therefore distinguishable." *Id.* at 5. And he asserts, to "the extent that *Dubarry* does consider similar arguments regarding injury to property, . . . that unpublished case was wrongly decided, did not consider this specific argument and therefore should be considered unpersuasive." *Id.* (citation omitted).

Mr. Patton argues that another court offers the proper analysis of the issue his motion raises. He alerts the court to *United States v. Chea*, No. 98-CR-20005-1 CW, 2019 WL 5061085, at *1 (N.D. Cal. Oct. 2, 2019). *Chea* held that "Hobbs Act robbery is not categorically a crime of violence under the elements clause of § 924(c)(3), because the offense can be committed by causing fear of future injury to property, which does not require 'physical force' within the meaning of § 924(c)(3)." *Chea*, 2019 WL 5061085, at *1. Mr. Patton explains that *Chea* considered "the same argument" he presents now. Doc. 77 at 8.

In response, the government offers two counterarguments: *First*, *Chea* is neither binding nor persuasive precedent; and *second*, Tenth Circuit precedent does not leave this question as

6

open as Mr. Patton suggests. The court agrees with the government on both points, and now explains why.

Mr. Patton acknowledges that he is leaning into the strong headwind created by our Circuit's caselaw. *See* Doc. 77 at 4–5 (discussing Tenth Circuit caselaw holding that Hobbs Act robbery is a "crime of violence"). But in the time since he briefed this issue, that gale's knots have only increased. The Tenth Circuit has issued even more opinions ruling *against* Mr. Patton's view of § 924(c)(3)(A).

For example, the Circuit explained in *United States v. Toki* that binding precedent forecloses the argument that Mr. Patton brings here. *See United States v. Toki*, 822 F. App'x 848, 853 (10th Cir. 2020) (declining to grant a certificate of appealability on the question whether Hobbs Act robbery is a crime of violence). *Toki* reasoned:

> In *United States v. Melgar-Cabrera*, 892 F.3d 1053 (10th Cir. 2018), we held that Hobbs Act robbery is a crime of violence under the force clause of § 924(c). [Defendants] argue we should hold that Hobbs Act robbery is not a crime of violence, relying on *United States v. Dubarry*, 741 F. App'x 568 (10th Cir.) (unpublished), *cert. denied*, 139 S. Ct. 577 (2018). In [*Dubarry*], we acknowledged that *Melgar-Cabrera* did not address the argument that Hobbs Act robbery is not a crime of violence because it can be accomplished by threatening injury to intangible property. *Id.* at 570. But in *Melgar-Cabrera*, we categorically held that Hobbs Act robbery is a crime of violence based on the elements of the offense. *Id.* at 1061–66. "[W]e are bound by the precedent of prior panels absent en banc reconsideration or a superseding contrary decision by the Supreme Court." *Strauss v. Angie's List, Inc.*, 951 F.3d 1263, 1269 (10th Cir. 2020) (quotation omitted). We conclude that under our binding precedent in *Melgar-Cabrera*, the constitutionality of [defendants'] § 924(c) convictions predicated on Hobbs Act robbery is not reasonably debatable.

*Id. Toki* leaves little room for Mr. Patton's argument.

And our Circuit has just reinforced that conclusion. *See United States v. Nguyen*, ___ F. App'x ___, No. 20-3217, 2021 WL 1564567 at *1 (10th Cir. Apr. 21, 2021) (denying certificate of appealability on whether Hobbs Act robbery is a crime of violence). *Nguyen* also considered

7

the argument "that Hobbs Act robbery does not constitute a crime of violence under 18 U.S.C. § 924(c)(3)." *Id.* The Court of Appeals held that "any reasonable jurist would reject this argument because Hobbs Act robbery clearly satisfies the elements clause in § 924(c)(3)(A)." *Id.* The Court of Appeals labeled our court's conclusion that Hobbs Act robbery is a crime of violence under § 924(c)(3)(A) as "unassailable." *Id.*

The court acknowledges that both *Toki* and *Nguyen* are unpublished opinions that lack the power to bind. 10th Cir. R. 32.1(A). But the court finds their analyses persuasive, and Mr. Patton fails to convince the court that our Circuit's caselaw supports his view.

To his credit, Mr. Patton dug up one case decided by a district court in another Circuit to support his position. Doc. 77 at 5 (citing *Chea*, 2019 WL 5061085, at *1). But subsequent caselaw drains *Chea* of any persuasive power. Our Circuit has observed that "every circuit to consider the question has agreed that Hobbs Act robbery categorically constitutes a crime of violence under the elements clause" of § 924(c)(3). *Nguyen*, 2021 WL 1564567 at *2 n.3 (first citing *United States v. Walker*, 990 F.3d 316, 326 (3d Cir. 2021); then citing *United States v. Dominguez*, 954 F.3d 1251, 1260 (9th Cir. 2020) (collecting cases)). That observation includes the Ninth Circuit where, of course *Chea* emerged. *See Dominguez*, 954 F.3d at 1261 ("reaffirm[ing] that Hobbs Act robbery is a crime of violence under 18 U.S.C. § 924(c)(3)(A)"). The court views it as likely that the district court deciding *Chea* (decided in 2019) would now come to the same conclusion after its Circuit's 2020 decision in *Dominguez*.

In sum, our Circuit has held (1) that Hobbs Act robbery is a crime of violence under § 924(c)(3)(A), *Melgar-Cabrera*, 892 F.3d at 1065–66, and (2) that this holding controls despite the argument about intangible property like Mr. Patton's, *Toki*, 822 F. App'x at 853. The court agrees with our Circuit's controlling and persuasive caselaw on this issue. And the contrary out-

8

of-Circuit caselaw that Mr. Patton identifies has been dented by subsequent caselaw in its own jurisdiction. The court thus rejects Mr. Patton's assertion that Hobbs Act robbery is not a "crime of violence" under § 924(c)(3)(A). Mr. Patton's argument about the misapplication of § 924(c)(3) provides no valid basis for relief under § 2255.

The court thus turns to Mr. Patton's various arguments asserting unconstitutionally ineffective assistance of counsel.

### B. Whether the Alleged Ineffective Assistance of Counsel Merits Vacating, Setting Aside, or Correcting Mr. Patton's Sentence

Mr. Patton's second argument supporting his motion under § 2255 involves alleged ineffective assistance of counsel. Mr. Patton identifies two alleged defects that occurred after the Tenth Circuit ruled on Mr. Patton's direct appeal. He argues that ineffective assistance of counsel violated his Sixth Amendment rights when his attorney failed to notify him of his rights to pursue further appellate review via (1) petitioning for rehearing by the Tenth Circuit, or (2) petitioning the United States Supreme Court to review his case. Doc. 68 at 5.

Before considering these arguments, the court reviews the law governing claims of ineffective assistance of counsel.

#### 1. Legal Standard Governing Ineffective Assistance of Counsel Claims

The Sixth Amendment provides that in "all criminal prosecutions, the accused shall enjoy the right . . . to have the assistance of counsel for his defense." U.S. Const. amend. VI. And the "'right to counsel is the right to the effective assistance of counsel.'" *United States v. Barrett*, 985 F.3d 1203, 1221 (10th Cir. 2021) (quoting *Strickland v. Washington*, 466 U.S. 668, 686 (1984)).

To prevail on an ineffective assistance of counsel claim, a petitioner must satisfy *Strickland*'s two-part test. *First*, the petitioner "must show that counsel's performance was

9

deficient." *Strickland*, 466 U.S. at 687. This requires a showing that counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* *Second*, the petitioner "must show that the deficient performance prejudiced the defense." *Id.* In other words, "the defendant must show that his counsel's performance fell below an objective standard of reasonableness, and that the deficient performance resulted in prejudice." *Barrett*, 985 F.3d at 1221 (citations and internal quotation marks omitted). To establish an ineffective assistance of counsel claim, a petitioner must satisfy both *Strickland* prongs. *United States v. Orange*, 447 F.3d 792, 796–97 (10th Cir. 2006). A failure to prove either one is dispositive. *Id.*

The court now applies this standard to Mr. Patton's three theories of ineffective assistance of counsel, beginning with counsel's failure to raise certain arguments on appeal.

### 2. Analysis of Mr. Patton's Ineffective Assistance of Counsel Claims

#### a. Whether Mr. Patton Sustained a Sixth Amendment Violation When Counsel Declined to Appeal Whether Hobbs Act Robbery Qualifies as a Crime of Violence Under § 924(c)(3)(A)

Mr. Patton asserts that he suffered a Sixth Amendment violation when his counsel failed to challenge "on direct review" whether Hobbs Act robbery categorically qualifies as a crime of violence under § 924(c)(3)(a). *See* Doc. 80 at 7–8. He asserts that "at that time, the Tenth Circuit acknowledged that the court had not determined whether Hobbs Act Robbery was a crime of violence under the elements clause of 18 U.S.C. [§] 924(c)(3)(A)." *Id.* at 7 (citing *United States v. Davis*, No. 11-10194-01-EFM, 2017 WL 2306352, at *4 (D. Kan. May 26, 2017)). He concludes that counsel's failure prejudiced him in several ways.

*First*, he asserts that counsel's "actions deprived [him] of the opportunity to have his preserve[d] issue reviewed de novo, notwithstanding that the [q]uestion in the matter involved a

question of [l]aw." Doc. 80 at 8.  *Second*, he asserts that counsel's failure to "raise the denial of petitioner['s] motion to dismiss on direct review" precluded him from taking "advantage of the certiorari the Supreme Court granted [in *Davis*] to procure a more favorable outcome for [Mr. Patton] by requesting that a decision in [Mr. Patton's] direct appeal be held in abeyance pending the outcome in *Davis*[.]"  *Id.*  Mr. Patton asserts that it is "a high probability that the decision in [Mr. Patton's] direct appeal would ha[ve] come down in [his] favor."  *Id.*

But Mr. Patton fails to explain his probability calculus.  The court struggles to see why his appeal was likely to have produced a favorable result given that our court since has repeatedly rejected the argument at issue.  The court already has explained several of these decisions rejecting the argument that Hobbs Act robbery is not a crime of violence under § 924(c)(3).  *See Nguyen*, 2021 WL 1564567 at *1–2; *Toki*, 822 F. App'x at 853.

Moreover, Mr. Patton fails otherwise to show prejudice.  Ineffective assistance of counsel claimants must show that counsel's poor performance produced *prejudice*.  *See Barrett*, 985 F.3d at 1221.  Again, our Circuit repeatedly has held that Hobbs Act robbery is a crime of violence under § 924(c)(3).  Mr. Patton fails to show that, had his counsel argued on appeal that § 924(c)(3) did not apply, a different outcome would have resulted.  Similarly, Mr. Patton fails to explain why the relief he seeks—resentencing—would produce a different sentence.  Absent a showing of prejudice, Mr. Patton's argument about his counsel's failure to raise this § 924(c)(3) argument on appeal shows no Sixth Amendment violation capable of justifying relief under § 2255.

The court thus turns to Mr. Patton's next theory of ineffective assistance:  Counsel's alleged failure to inform him of his right to seek further appellate review by the Supreme Court.

11

### b. Whether Mr. Patton Sustained a Sixth Amendment Violation When Counsel Failed to Notify Him of His Right to Petition the United States Supreme Court to Grant a Writ of Certiorari

Mr. Patton argues that his attorney's failure to inform him that he could ask the United States Supreme Court to review the Tenth Circuit's ruling represents unconstitutional ineffective assistance of counsel that merits relief under 28 U.S.C. § 2255. Doc. 68 at 5. The government responds that the right to counsel does not extend beyond direct appeal, so counsel's omission cannot rise to a constitutional violation. Doc. 78 at 13. The court agrees with the government's reasoning on this point.

The Supreme Court has explained that "the right to appointed counsel extends to the first appeal of right, and no further." *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). And the "Supreme Court has 'rejected suggestions' to 'establish a right to counsel on discretionary appeals.'" *Hyberg v. Milyard*, 436 F. App'x 843, 846 (10th Cir. 2011) (first quoting *Finley*, 481 U.S. at 555; then citing *Wainwright v. Torna*, 455 U.S. 586, 587–88 (1982)). "It is, indeed, a daunting task for a petitioner to demonstrate that his certiorari petition would have been granted because '[r]eview on a writ of certiorari is not a matter of right, but of judicial discretion.'" *United States v. Fernandez*, 397 F. App'x 433, 444 (10th Cir. 2010) (O'Brien, J., concurring with per curiam Order and Judgment affirming denial of habeas relief) (quoting S. Ct. R. 10). "The Court grants few petitions and then 'only for compelling reasons.'" *Id.* (quoting S. Ct. R. 10) (footnote omitted); *see also* 28 U.S.C. § 1254(1).

Mr. Patton's theory of ineffective assistance rests on his counsel's failure to inform him about his rights to pursue an appeal to the Supreme Court. But Mr. Patton has no right to Supreme Court review. So, even if counsel had stymied Mr. Patton's chance to *request* Supreme Court review, the error falls short of violating Mr. Patton's constitutional rights under the Sixth

12

Amendment.  Our Circuit has employed similar reasoning when ruling on comparable § 2255 motions.  *See, e.g.*, *Fernandez*, 397 F. App'x at 436 (reasoning that because "a defendant does not have a constitutional right to counsel on discretionary appeals, counsel's performance cannot be deemed constitutionally deficient for a failure to petition the Supreme Court for certiorari review" and holding that habeas petitioner moving to vacate his sentence on that Sixth Amendment ground "has no legitimate claim under § 2255"); *see also United States v. Santistevan*, No. 11-CR-00406-CMA, 2015 WL 13887214, at *6–7 (D. Colo. June 24, 2015) (observing that "it is well-settled" that counsel's failure to file a petition for certiorari review with the United States Supreme Court "cannot support an ineffective assistance of counsel claim" and denying petitioner's § 2255 motion).  This theory of ineffective assistance does not support a Sixth Amendment violation, and thus cannot form a valid basis his § 2255 claim.

The court thus turns to Mr. Patton's final theory of ineffective assistance of counsel: counsel's failure to tell Mr. Patton of his right to pursue rehearing in the Court of Appeals.

        **c.   Whether Mr. Patton Sustained a Sixth Amendment Violation When Counsel Failed to Notify Him of His Right to Petition for Rehearing in the Tenth Circuit**

Like his argument about Supreme Court review, Mr. Patton's final argument relies on his right to pursue rehearing in the Court of Appeals.  He asserts that his counsel's failure to inform him of his right to petition for rehearing by the Tenth Circuit following its decision affirming the district court constitutes ineffective assistance of counsel violating Mr. Patton's Sixth Amendment right to counsel.  Doc. 68 at 5.  As the government points out, our Circuit has heard this one before.  *See* Doc. 78 at 14–15 (quoting *United States v. Howell*, 573 F. App'x 795 (10th Cir. 2014)).  But *Howell* left the question open by deciding the issue on other grounds.  *Howell*, 573 F. App'x at 802 ("There is no need to decide the matter, because assuming both that

13

[defendant] had a right to effective counsel and that her attorney was deficient in failing to file a [petition for rehearing], [defendant] has not demonstrated prejudice under *Strickland*.").

Here, the government invites the court to mimic *Howell*'s approach. *See* Doc. 78 at 15–16. The government asserts that even if Mr. Patton's Sixth Amendment rights extend to discretionary rehearing in the Court of Appeals, the court must reject Mr. Patton's Sixth Amendment claim based on counsel's failure to notify Mr. Patton of the right to seek rehearing because Mr. Patton fails to show prejudice. *See id.* The court now considers that question—whether Mr. Patton has demonstrated that counsel's alleged failure to inform Mr. Patton of his right to seek rehearing in the Court of Appeals or to exercise that right on Mr. Patton's behalf produced prejudice.

As explained above, *Strickland* instructs that "'any deficiencies in counsel's performance must be prejudicial to the defense in order to constitute ineffective assistance under the Constitution.'" *Fields*, 949 F.3d at 1254 (quoting *Strickland*, 466 U.S. at 692). So, an "'error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment.'" *Id.* (quoting *Strickland*, 466 U.S. at 691). To establish prejudice, a defendant must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

Here, the government asserts that Mr. Patton "simply cannot establish any prejudice for counsel's alleged failure to seek a panel rehearing" for two reasons. Doc. 78 at 16. *First*, "the issues were fact specific" and *second*, Mr. Patton provides the court with "absolutely no evidence or case support to suggest that either the panel or the entire Tenth Circuit Court would have

reason to want to revisit their decision rejecting the defendant's challenge to his sentence." *Id.* The court finds the government's second point persuasive.

Mr. Patton doesn't convince the court that his counsel's failure to petition for a rehearing or inform Mr. Patton of the right to petition prejudiced Mr. Patton. Federal Rule of Appellate Procedure provides that the petition for rehearing "must state with particularity each point of law or fact that the petitioner believes the court has overlooked or misapprehended and must argue in support of the petition." Fed. R. App. P. 40(a)(2). And the Tenth Circuit's Local Rules explain that a "petition for rehearing should not be filed routinely. Rehearing will be granted only if a significant issue has been overlooked or misconstrued by the court." 10th Cir. R. 40.1(A).

Here, Mr. Patton never explains which points of law or fact the Tenth Circuit might have overlooked, misapprehended, or misconstrued. At best, Mr. Patton asserts that the Tenth Circuit's ruling on his arguments about (1) the robbery guideline; and (2) the Official Victim Guideline "leave open a lot of question[s][.]" Doc. 80 at 12. He also asserts that "the appellate court has concede[d] that these issue are debatable, to which a jurist of reason would debate[.]" *Id.*[1] He reasons that he "maybe stands convicted and sentenced based on erroneous application and calculated guidelines[.]" *Id.* But Mr. Patton's brief provides the court with no reason to accredit any of his conclusory assertions. Nor does he claim (1) that the Court of Appeals likely would have granted a petition for rehearing had his attorney filed one, or (2) give reasons that would support that notion. Instead, he offers arguments in service of his claim that "Appellate Counsel should have petition[ed] for rehearing." *Id.*

Mindful of the rules governing pro se practice, the court liberally construes Mr. Patton's pro se filings. His pro se briefing on this issue focus on the Tenth Circuit's rulings on his direct-

---

[1] Mr. Patton cites no authority to support this claim.

15

appeal arguments about (1) the robbery guideline; and (2) the Official Victim Guideline. *See* Doc. 80 at 9–12. But his failure-to-petition arguments about the Circuit's ruling on the robbery guideline issue appear merely to summarize and reassert argument made in his direct appeal. *See id.* at 9–10. Mr. Patton provides no specific reason why the Tenth Circuit would grant a petition for rehearing based on the panel's ruling against his direct-appeal arguments about the robbery guidelines. *See id.* Mr. Patton's failure-to-petition arguments about the Official Victim Guideline reflect similar shortcomings. He again reasserts arguments perhaps appropriate on direct appeal, but insufficient to show that rehearing was likely if only his counsel had requested it, or he was otherwise prejudiced. *Id.* at 12.

In sum, Mr. Patton does not explain with any particularity why the Tenth Circuit (1) overlooked or misconstrued facts or law when ruling his direct appeal, or (2) otherwise would have granted a petition for rehearing if his counsel had filed one. He also fails to explain why, had it granted the petition, there is a reasonable probability that our Circuit would have granted him favorable relief. Mr. Patton thus shows no prejudice for purposes of ineffective assistance of counsel based on counsel's alleged failure to file that petition for rehearing. Without prejudice, Mr. Patton cannot carry a Sixth Amendment claim (even if the court assumes that the right to counsel extends to petitions for rehearing). Absent a Sixth Amendment violation, his ineffective assistance of counsel theory based on the failures to petition for rehearing or for a writ of certiorari cannot justify relief under § 2255. Mr. Patton thus shows no Sixth Amendment violations to merit relief under § 2255. Since he also fails to demonstrate that the court misapplied § 924(c)(3), he provides no valid reason why his sentence was unlawfully imposed or is otherwise subject to collateral attack. Mr. Patton thus fails to discharge his burden under § 2255.

### IV. Certificate of Appealability

Rule 11 of the Rules Governing Section 2255 Proceedings requires the court to "issue or deny a certificate of appealability when it enters a final order adverse" to the petitioner. A court may grant a certificate of appealability only "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this burden if "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (citations and internal quotation marks omitted).

On the issue whether counsel's failure to raise the § 924(c)(3) argument on appeal violates the Sixth Amendment, the court concludes that no reasonable jurist would find the court's assessment of the constitutional claim debatable or wrong. The court thus denies a certificate of appealability on this question.

On the issue whether Hobbs Act robbery is categorically a crime of violence under § 924(c)(3)(A), the court concludes that no reasonable jurist would find the court's assessment of the constitutional claim debatable or wrong. *See Nguyen*, 2021 WL 1564567 at *1–2 (deeming "not reasonably debatable" defendant's argument that Hobbs Act robbery does not constitute a crime of violence under § 924(c)(3) and declining to issue a certificate of appealability). The court thus denies a certificate of appealability on this question.

On the issue whether counsel's failure to file a petition for certiorari with the United States Supreme Court violates the Sixth Amendment, the court concludes that no reasonable jurist would find the court's assessment of the constitutional claim debatable or wrong. The court thus denies a certificate of appealability on this question.

And finally, on the issue whether counsel's failure to seek rehearing from the Tenth Circuit violates the Sixth Amendment, the court concludes that no reasonable jurist would find the court's assessment of the constitutional claim debatable or wrong. The court thus denies a certificate of appealability on this question.

## V.     Conclusion

Mr. Patton raises several arguments for relief under 28 U.S.C. § 2255. The first argument—that Hobbs Act robbery is not a categorical crime of violence under § 924(c)(3)(A)—has been considered and rejected by our Circuit at least twice since Mr. Patton briefed this issue. Our Circuit's unpublished opinions echo the holdings of other Circuits. The court finds the Tenth Circuit's unpublished opinions persuasive and instructive here. Mr. Patton fails to persuade the court that Hobbs Act robbery is not a categorical crime of violence under § 924(c)(3)(A). All the other bases for relief—various theories of ineffective assistance of counsel violating the Sixth Amendment—fall short as well.

Mr. Patton thus fails to show that his "sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]" 28 U.S.C. § 2255(a). He fails to discharge his burden under § 2255. The court must deny the motion. Because the court concludes that no reasonable jurist would find the court's assessment of any of Mr. Patton's constitutional claims debatable or wrong, the court denies a certificate of appealability on any of the issues Mr. Patton's motion raises.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Patton's motion under 28 U.S.C. § 2255 (Doc. 68) is denied.

**IT IS FURTHER ORDERED BY THE COURT THAT** Mr. Patton's request (Doc. 80) to expand the scope his appointed counsel's authorized representation is denied.

**IT IS SO ORDERED.**

**Dated this 19th day of May, 2021, at Kansas City, Kansas.**

s/ Daniel D. Crabtree
**Daniel D. Crabtree**
**United States District Judge**
