IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>v.<br><br>JERMAINE TYRELL PATTON (01),<br><br>        Defendant. | Case No. 16-40113-01-DDC |

**MEMORANDUM AND ORDER**

Defendant Jermaine Tyrell Patton has filed a pro se[1] motion (Doc. 82) asking the court to discharge his restitution and special assessment obligations. The government filed a Response (Doc. 84). For reasons explained below, the court denies Mr. Patton's motion.

**I.    Background**

Previously, Mr. Patton pleaded guilty to aiding and abetting both (1) the interference with commerce by means of robbery (Hobbs Act robbery) and (2) the use and carry of a firearm during and in relation to a crime of violence. Doc. 28 at 1–2. The court sentenced Mr. Patton to 168 months' imprisonment and three years of supervised release. Doc. 55 at 2–3. The court also ordered him to pay both restitution and a special assessment. *See id.* at 6. Mr. Patton appealed, and our Circuit affirmed. *See United States v. Patton*, 927 F.3d 1087, 1103 (10th Cir. 2019). Mr. Patton then filed a motion under 28 U.S.C. § 2255, which the court denied. *See* Doc. 68; Doc. 81. Mr. Patton has appealed that ruling. *See* Doc. 85. Just before filing the Notice of

---

[1]    "[P]risoners who proceed pro se . . . are entitled to liberal construction of their filings[.]" *Toevs v. Reid*, 685 F.3d 903, 911 (10th Cir. 2012); *see also Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Appeal, he filed a separate motion (Doc. 82) asking the court to discharge his restitution and special assessment obligations.

Before turning to the motion's merits, the court considers whether Mr. Patton's Notice of Appeal divests our court of jurisdiction over the pending motion.

II. **Whether Mr. Patton's Notice of Appeal Divests the District Court of Subject Matter Jurisdiction Over the Instant Motion**

As a general rule, the "'filing of a notice of appeal is an event of jurisdictional significance [that] confers jurisdiction on the court of appeals and divests the district court of its control *over those aspects of the case involved in the appeal*.'" *United States v. Battles*, 745 F.3d 436, 448 (10th Cir. 2014) (quoting *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982)); *see also United States v. Madrid*, 633 F.3d 1222, 1226–27 (10th Cir. 2011) (discussing general rule and exceptions).

Here, Mr. Patton filed a Notice of Appeal (Doc. 85) days after filing his motion to discharge his financial obligations. Even if that filing a Notice of Appeal from an order denying a § 2255 motion generally divests the district court of control over aspects of the underlying criminal case, the court concludes that an exception based on judicial efficiency applies here. Mr. Patton's motion seeking discharge of court-ordered payments based on the Uniform Commercial Code and a 1933 House Joint Resolution invites the district court to address matters not comprehended by the appeal from his § 2255 motion. *See Madrid*, 633 F.3d at 1226–27. The court concludes that it retains jurisdiction to decide the motion despite the pending appeal.

III. **Whether Legal Authority Mr. Patton Cites Supports Discharging Restitution and Special Assessment Obligations**

Mr. Patton asks the court to discharge the financial obligations he owes under the court's Judgment (Doc. 55). *See* Doc. 82 at 1. Mr. Patton explains that he "accept[s] for value under

[his] unlimited commercial authority true and correct and complete." *Id.* He asks the court to discharge his court-ordered financial obligations—which he deems a "commercial liability[.]" *Id.* Specifically, Mr. Patton seeks discharge "in accordance with H.J.R. House Joint Resolution 192 of June 5th 1933, S.Ct 73-10 (FR3) and UCC 1-108, 1-104." *Id.* He asks the court to "[r]elease the orders, fixtures, and products." *Id.*

But Mr. Patton fails to explain how any of the authorities he cites applies to the court's authority to discharge or amend restitution or special assessment obligations. And the court can find no case law that supports his request. Rather, the weight of authority flattens his arguments.[2] Even applying the forgiving standard governing pro se practice, the court identifies no compelling legal argument capable of supporting Mr. Patton's motion.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Patton's motion to discharge (Doc. 82) his restitution and special assessment obligations is denied.

**IT IS SO ORDERED.**

**Dated this 7th day of June, 2021, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**

---

[2] *See, e.g., Amerson v. United States*, 550 F. App'x 603, 604 (10th Cir. 2013) (Gorsuch, J.) ("The UCC governs commercial transactions and cannot be used to upset criminal convictions, even collaterally."); *United States v. Markham*, No. 14-10089-JTM, 2015 WL 338967, at *2 (D. Kan. Jan. 23, 2015) ("The Uniform Commercial Code has no application to criminal proceedings."); *Pinckney v. U.S. Gov't - I.R.S.*, No. CV 2:19-3046-BHH-BM, 2020 WL 3474011, at *4 (D.S.C. Jan. 27, 2020) (noting that "debt relief claims based on HJR-192 have been universally rejected by every federal court that has been presented with this theory" (citations and internal quotation marks omitted), *report and recommendation adopted*, No. CV 2:19-3046-BHH, 2020 WL 3473584 (D.S.C. June 25, 2020).